[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10353
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00015-WLS-TQL-6


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMIAH ZACK ROGERS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 30, 2014)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Jeremiah Zack Rogers (Rogers) appeals the 200-month sentence imposed following entry of his guilty plea to one count of conspiracy to possess with intent to distribute cocaine, marijuana, and crack cocaine in violation of 21 U.S.C. § 846 in conjunction with §§ 841(a)(1), 841(b)(1)(A)(ii) and (iii), and 841(b)(1)(B)(vii). The presentence investigation report (PSI) determined that Rogers was a career offender under U.S.S.G. § 4B1.1 based on two prior convictions: (1) a 1998 conviction for sale of cocaine, and (2) a 2006 conviction for crossing guard lines with marijuana and possession of marijuana with intent to distribute.

Pursuant to a written plea agreement, Rogers faced a statutory minimum sentence of ten years' imprisonment with a maximum life sentence. At his sentencing hearing, Rogers raised multiple objections to the PSI, including an objection to his being designated a career offender based on his assertion that he received ineffective assistance of counsel in connection with his 2006 conviction. In the alternative, Rogers argued that his career offender designation overrepresented the seriousness of his criminal history based, in part, on the length of time separating the two predicate offenses. On these bases, Rogers requested a downward departure pursuant to U.S.S.G. § 4A1.3.

2

The district court overruled Rogers's objections and denied his motion for a downward departure. In doing so, the district court noted that Rogers "did not disengage from criminal conduct" following his 1998 conviction and "remained in trouble throughout that period of time." It also concluded that Rogers's ineffective assistance argument was, in effect, an impermissible attempt to collaterally attack his 2006 state court conviction. The district court then determined that Rogers's guideline range was 262 to 327 months' imprisonment. After considering the 18 U.S.C. § 3553(a) factors and the government's own motion for a downward departure based on Rogers's acceptance of responsibility and substantial assistance to authorities, the district court imposed a sentence of 200 months' imprisonment.

On appeal, Rogers argues that the district court erred in denying his motion for a downward departure outside of the sentencing guideline range. For one thing, Rogers again contends that his career offender designation overrepresented the seriousness of his criminal history. He emphasizes that he was very young when he committed the underlying offenses that resulted in his 1998 cocaine conviction and that those offenses all involved minor amounts of cocaine. He also points to the eight-year gap between his 1998 and 2006 state court convictions.

Rogers also disputes that his objection to the district court's use of his 2006 state court conviction in upholding his career offender designation was an improper collateral attack on that prior state sentence. As an indigent defendant,

3

Rogers was provided counsel by the Office of the Public Defender for the South Georgia Judicial Circuit.  Rogers avers that his trial attorney's deficient representation—due, in part, to an alleged conflict of interest—amounted to a complete denial of counsel.  As such, he contends that his claim goes beyond the type of ineffective assistance claim that *Custis v. United States*[1] held could not be used to collaterally attack a prior conviction relied on for sentence enhancement purposes.

For the reasons set forth below, we affirm the district court's judgment.

## I.

We lack jurisdiction to review a district court's discretionary decision to deny a downward departure unless the district court incorrectly believed that it lacked authority to grant the departure.  *See United States v. Winingear*, 422 F.3d 1241, 1245–46 (11th Cir. 2005) (per curiam).  "[W]hen nothing in the record indicates otherwise, we assume the sentencing court understood it had authority to depart downward," and the sentencing court's decision *not* to depart downward is not reviewable.  *United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006) (internal quotation marks omitted).

---

[1] 511 U.S. 485, 496, 114 S. Ct. 1732, 1738 (1994) (holding that, with the sole exception of convictions obtained in violation of right to counsel, a defendant in a federal sentencing proceeding has no right to collaterally attack validity of previous state convictions used to enhance his sentence).

Upon review of the record on appeal, we are satisfied that the district court understood that it had the authority to grant Rogers a downward departure from the calculated guideline range. There is nothing in the record to indicate otherwise—indeed, the district court did depart downward from the calculated range of 262 to 327 months in imposing the 200-month sentence. Therefore, we do not have jurisdiction to review the merits underlying Rogers's motion for a downward departure or the district court's decision to deny it. *See United States v. Norris*, 452 F.3d 1275, 1283 (11th Cir. 2006).

## II.

Generally, this Court will not allow a defendant to collaterally attack at a federal sentencing hearing the constitutionality of a prior state court conviction—unless the prior conviction is "presumptively void." *See United States v. Cooper*, 203 F.3d 1279, 1287 (11th Cir. 2000); *see also* U.S.S.G. § 4A1.2 cmt. n.6 ("[T]his guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law . . . ."). "[W]hen a defendant, facing sentencing, sufficiently asserts facts that show that an earlier conviction is 'presumptively void,' the Constitution requires the sentencing court to review this earlier conviction before taking it into account." *United States v. Roman*, 989 F.2d 1117, 1120 (11th Cir. 1993) (en banc) (per curiam). We have suggested that "presumptively void"

convictions "are small in number and are perhaps limited to uncounseled convictions." *Id.*

The exceedingly limited right to challenge the constitutionality of prior convictions used for federal sentencing purposes was front and center in *Custis v. United States*. The Supreme Court reasoned that, absent specific statutory authorization, the right to collaterally attack prior convictions used for sentence enhancement is constrained by the right to have appointed counsel established in *Gideon v. Wainwright*.[2] *Custis*, 511 U.S. at 495, 114 S. Ct. at 1738 ("[A] prior criminal conviction that is constitutionally infirm under the standards of *Gideon* is inherently prejudicial and to permit use of such a tainted prior conviction for sentence enhancement would undermine the principle of *Gideon*."). The Court expressly declined to extend the right to collaterally attack a prior conviction beyond the right to have appointed counsel as established in *Gideon*. *Id.* As such, absent any violation of his right to counsel, the Supreme Court held that defendant Darren Custis was prohibited from using the federal sentencing forum to review his state convictions. *Id.* at 497, 114 S. Ct. at 1739.[3]

---

[2] 372 U.S. 335, 83 S. Ct. 792 (1963) (requiring indigent defendant in state-court proceeding have counsel appointed for him).

[3] The Supreme Court recognized that defendant Custis could attack his state sentences in state court or, because he was still "in custody" for purposes of his state convictions at the time of his federal sentencing, through federal habeas review. *See Custis*, 511 U.S. at 497, 114 S. Ct. at 1739.

Here, Rogers challenged the constitutionality of his 2006 state court conviction for the first time at his federal sentencing hearing.  As such, the burden was on Rogers to "sufficiently assert[ ] facts" showing that his prior conviction was "presumptively void."  *See Roman*, 989 F.2d at 1120.  Rogers argued before the district court, and reiterates on appeal, that his trial counsel had a conflict of interest that rendered his assistance so constitutionally ineffective that his 2006 conviction was, in effect, uncounseled.  Rogers points to his trial counsel's failure to file a motion for new trial and unilateral withdrawal of a notice of appeal as further evidence of the wholly ineffective representation afforded to him.

Unfortunately, the constitutional concerns raised by Rogers's general claims of ineffective assistance of counsel do not rise to the level of a jurisdictional defect resulting from the failure to appoint counsel at all.  *See Custis*, 511 U.S. at 496, 114 S. Ct. at 1738 (noting that failure to appoint counsel for an indigent defendant is "a unique constitutional defect").  In short, Rogers's 2006 conviction was not uncounseled.  Because he did not assert facts sufficient to establish that the 2006 conviction was presumptively void, Rogers failed to "lay a factual foundation for collateral review."  *See Roman*, 989 F.2d at 1120.  Therefore, the district court did not err in considering Rogers's 2006 conviction in upholding his designation as a career offender.

**AFFIRMED.**